IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RITA FISHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 25-00141-CV-W-BP |
| | ) |
| SOCIAL SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

**ORDER AND OPINION AFFIRMING COMMISSIONER'S**
**FINAL DECISION DENYING BENEFITS**

Pending is Plaintiff's appeal of the Commissioner of Social Security's decision denying her application for disability benefits. For the following reasons, the Commissioner's decision is **AFFIRMED**.

**I. BACKGROUND**

Plaintiff applied for disability benefits in December 2022, alleging she became disabled in September 2019 due to a combination of physical conditions. At Step 4 of the five-step process used to analyze disability claims, the ALJ found Plaintiff retains the residual functional capacity ("RFC") to perform sedentary work with various limitations, (R. at 18), none of which need to be discussed to resolve the issues before the Court. The ALJ then determined Plaintiff's past relevant work includes jobs as an emergency dispatcher, dispatcher-customer service, and order clerk, and her RFC permitted her to perform those jobs. (R. at 22.)

Plaintiff does not challenge the RFC finding. Instead, she argues the ALJ's decision should be reversed because the ALJ incorrectly identified her past relevant work. The Commissioner opposes reversal, and the Court resolves the parties' arguments below.

## II. DISCUSSION

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole." *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. *E.g., Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. . . . As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002) (citations omitted).

Plaintiff argues that while she previously performed the jobs identified by the ALJ, they do not qualify as past relevant work under relevant Social Security provisions. At the time of the ALJ's decision, relevant work included jobs the claimant held in the preceding fifteen years, and at the time of his decision all three of these jobs would have qualified. However, after the ALJ issued his decision and while the matter was pending before the Appeals Council, the relevant regulation was amended. The amendment provides that past relevant work is work that was performed "within the past 5 years," which is "measured form the date of [the] date of [the] determination or decision on a claim." SSR 24-2P. Plaintiff last performed the dispatcher-customer service and order clerk jobs before 2018, so under the new regulation (which Plaintiff argues applies because the Commissioner's decision was not yet final), these two jobs are not prior relevant work.

2

Plaintiff also argues that according to the Dictionary of Occupational Titles, the emergency dispatcher position has a Specific Vocational Preparation ("SVP") of 5, which means that it requires between six months and one year to learn, According to Plaintiff, she did not work in that job for more than six months, so she was not in the job long enough to learn it and it should not qualify as prior relevant work.

The Court finds it unnecessary to address the dispatcher-customer service and order clerk positions because the ALJ's decision with respect to the emergency dispatcher position is supported by substantial evidence in the Record as a whole. Evidence in the Record supplied by Plaintiff establishes that she performed the job for more than six months. (*E.g.*, R. at 261, 269, 281.) This is sufficient to support the ALJ's findings.

Plaintiff relies on calculations she performed with her earnings records to argue she did not work at the job for more than six months. She divided her total earnings from that employer by the hourly rate of $21/hour to determine the number of hours she worked, which suggests she did not work at the job for more than six months. (Doc. 8, p. 5.) The Commissioner points out there is evidence in the Record that she was paid $12/hour, (Doc. 11, p. 7 (citing R. at 283)), and when that figure is used the same calculation suggests she worked at the job for more than six months. Plaintiff counters that (1) the $12/hour figure is a typographical error and (2) the ALJ did not explain his rationale. (Doc. 12, pp. 2-3.)

The Court discerns no reason to remand because evidence in the Record supports the ALJ's determination. Plaintiff represented on two work history reports that she worked in the job for six months. Mathematical support based on her earnings was not legally required, but even so such support exists based on Plaintiff's statement that she earned $12/hour. It is true there is evidence that Plaintiff earned more than $12/hour, which would undermine the mathematical calculation

confirming her representation that she worked in the job for more than six months. But a conflict in the evidence does not deprive the ALJ's finding of substantial evidence in the Record as a whole. As stated, mathematical support was not required, and the ALJ was entitled to rely on Plaintiff's own representations that she worked in the job for at least six months.[1]

### III. CONCLUSION

For the reasons stated above, the Commissioner's final decision is affirmed.

**IT IS SO ORDERED.**

**DATE**: December 1, 2025

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Plaintiff places great emphasis on the fact that the ALJ did not resolve the conflict between (1) the mathematical calculation she presents here and (2) her own statements regarding how long she worked in the job, and that he did not consider the possibility that the $12/hour figure she supplied was a typographical error. But then, neither Plaintiff nor her attorney (who was from the same firm representing Plaintiff now) raised the issue with the ALJ during the hearing, even though he clearly considered the job to be past relevant work. Regardless, when determining Plaintiff's past relevant work, the ALJ was entitled to rely on information Plaintiff supplied on forms designed to elicit that information.